IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

GLENN DALE PEARL,              )
                               )
        Petitioner,            )
                               )
v.                             )    CIV 04-534-FHS
                               )
RON WARD,[1]                   )
                               )
        Respondent.            )

**OPINION AND ORDER**

This matter is before the court on Petitioner's petition for a writ of habeas corpus. Respondent has filed a response arguing Petitioner is not entitled to relief. Petitioner is an inmate currently incarcerated at the Lawton Correctional Facility. He challenges the execution of his sentence pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated pursuant to a judgment and sentence entered in the District Court of Choctaw County for First Degree Manslaughter.

Petitioner has submitted the following grounds for relief:

Did Oklahoma deny due process and equal protection of the law under the duty of the Supremacy Clause to uphold the Constitution and has the Sixth Amendment been abridged when defense counsel errors result in an invalid conviction.

Petitioner in essence argues he was denied effective assistance

---

[1]Petitioner is incarcerated in a private facility, so the proper respondent is Ron Ward, Director of the Oklahoma Department of Corrections. *See* Rule 2(a) of the Rules Governing Section 2254 Cases; Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 494-95 (1973).

1

of counsel because his lawyer, Mr. Vester Songer, failed to put him on the stand to testify in his own behalf in support of his claim of self defense. Respondent argues Petitioner has failed to establish that Mr. Songer was constitutionally defective counsel.

Respondent has submitted the following records to the court for consideration in this matter:

a. Brief of Appellant filed September 24, 2003 in the Court of Criminal Appeals for the State of Oklahoma.

b. Brief of Appellee filed January 22, 2004, in the Court of Criminal Appeals for the State of Oklahoma.

c. Summary Opinion filed May 28, 2004, in the Court of Criminal Appeals for the State of Oklahoma.

d. Transcript of the trial held February 10-11, 2003.

e. State court transcripts from the district court of Choctaw County in <u>State of Oklahoma v. Glenn Dale Pearl</u>, Case no. CF-00-053.

A hearing was held on this matter in McAlester, Oklahoma on February 21, 2007. Petitioner was represented by John Butcher from the Federal Public Defender's Office and Respondent was represented by Diane Slayton and Heath Robinson.

At the hearing, Petitioner testified it was his understanding that he would testify in his own defense at his criminal trial. Petitioner was charged with the murder of John Fullbright. The allegation was that Petitioner stabbed Mr. Fullbright to death. Petitioner was claiming self defense. He testified that both before the trial and during the trial, Mr. Songer informed him that he would testify in his own defense. However, he did not testify. Mr. Songer testified at the hearing held in February 2007 that he did discuss with the Petitioner both before and during trial the

2

possibility of testifying in his own defense. However, Mr. Songer testified that toward the end of the jury trial the judge announced he would give the self defense instruction. At that point, Mr. Songer said he advised Petitioner it was not in his best interest to testify in his own defense. Mr. Songer made this recommendation because one of the prosecution witnesses, Ms. Rosemary Johnson, Petitioner's girlfriend and John Fullbright decedent's sister had testified to basically the same facts the Petitioner would testify to if put on the stand. She had testified to the circumstances leading up to the altercation which resulted in the death of Mr. Fullbright. Ms. Johnson also testified there had been previous altercations between the Petitioner and Mr. Fullbright where Fullbright had been the aggressor. She specifically testified to the time when the decedent fired a shot at decedent. Mr. Songer testified she was a favorable witness for the defense. Mr. Songer also testified he advised Petitioner it was not in his best interest to testify because of the Petitioner's previous criminal history. At the time of the murder, Petitioner had just been released from prison. He had served time for non-violent felonies dealing with stolen property. Mr. Songer stated there were several businessman on the jury and he was afraid they would think worse of the Petitioner because of his property crimes than the violent crime for which he was being tried. He further stated Petitioner had made a statement to police and it fully set forth Petitioner's version of events and this statement had been put into evidence. Mr. Songer testified he advised Petitioner not to testify and Petitioner's response was "You're the lawyer". Mr. Songer stated he took that to mean if you recommend I not testify I will not. Mr. Songer testified that he did not see where the Petitioner could add anything that was not already in evidence. Mr. Songer thought Petitioner's testimony would only hurt matters.

Joe Watkins, the district attorney who prosecuted the case, testified if Petitioner would have taken the stand and testified as he did at the hearing held in February 2007 he would have impeached his testimony with the statement he gave the police. He said he would have also impeached him with medical testimony. There were seven different stab wounds and cuts and a 47 foot blood trail at the crime scene. There were also stab wounds in the decedent's back as well as in his chest which is inconsistent with self defense. He also testified he would have brought out the previous convictions.

As a preliminary matter, the court needs to make a clarification of the issues before the court. At the hearing the parties addressed the issue of whether Petitioner voluntarily waived his right to testify and whether his trial counsel was ineffective. However, after reviewing the pleadings and previous orders entered in this case, the court determines the sole issue before the court according to Petitioner's own admission is whether his Sixth Amendment right to effective assistance of counsel was denied. Accordingly, this will be the only issue addressed by this court.

In Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth the two-part test for determining the validity of a habeas Petitioner's claim of ineffective assistance of counsel. The test requires a showing that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." Id. at 687.

First, the court finds Mr. Songer's performance in the trial at issue was not deficient. Mr. Songer determined that with the make up of the jury, in his opinion, it was best if the Petitioner did not testify because of the Petitioner's criminal history. It is also significant to note that Mr. Songer was able to introduce all the evidence which Petitioner would have testified to without having

4

to put Petitioner on the stand and subject him to cross-examination. In Oklahoma, there is no requirement that a defendant take the stand in order to pursue a claim of self defense. Williams v. State, 915 P.2d 371, 375-376 (Okla. Crim. App. 1996). Petitioner has argued he needed to testify to show his state of mind at the time of the murder. However, state of mind is not the law of self-defense. A defendant can establish a valid self defense claim through circumstantial evidence. Id. It is purely a matter of trial strategy as to whether the defendant in a criminal trial will testify. Camron v. State, 829 P.2d 47, 55-56 (Okla. Crim. App. 1992).

Further, assuming Petitioner could establish that Mr. Songer's performance was deficient in some way, the Petitioner is also unable to establish the prejudice prong. "To establish prejudice under Strickland, [petitioner] must show there exists 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Id. (quoting Strickland, 466 U.S. at 694). There is absolutely no evidence to indicate the outcome of the proceeding would have been different had Petitioner testified. The testimony at trial revealed that most if not all of the information Petitioner would have testified to at trial was provided by a prosecution witness and his own statement to the police after the stabbing. Further, the prosecutor testified that he would have introduced evidence about Petitioner's previous convictions. He also testified he would have impeached him about inconsistencies in his statements had he taken the stand. Thus, there is no "reasonable probability" the results of the proceeding would have been different. Accordingly, the court finds no merit to Petitioner's ineffective assistance of counsel claim.

**ACCORDINGLY**, Petitioner's petition for a writ of habeas corpus is **DENIED**, and this action is, in all respects, **DISMISSED**.

**IT IS SO ORDERED** this 20th day of March, 2007.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma