# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **GLENN DALE PEARL,** | ) |
| Petitioner, | ) |
| v. | ) No. CIV 04-534-FHS |
| **STATE OF OKLAHOMA,** | ) |
| Respondent. | ) |

## OPINION AND ORDER

On October 6, 2014, the court entered a minute order denying petitioner's *pro se* motion for relief from judgment (Dkt. 59). On April 3, 2015, he filed a notice of intent to appeal the court's denial, alleging he did not receive the minute order until that date (Dkt. 60). The Tenth Circuit Court of Appeals has partially remanded this action for a determination of whether the time to appeal should be reopened under Fed. R. App. P. 4(a)(6). *Pearl v. State of Okla.*, No. 15-7025, slip op. (10th Cir. Apr. 9, 2015) (Dkt. 63).

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

A review of the record shows that on September 28, 2006, the court appointed counsel to represent petitioner for the purpose of conducting an evidentiary hearing (Dkt. 19). The hearing was held on February 21, 2007 (Dkt. 37), and an Opinion and Order denying petitioner's petition for a writ of habeas corpus was entered on March 20, 2007 (Dkt. 39). The Tenth Circuit affirmed in Case No. 07-7024 on May 12, 2008 (Dkt. 53), and petitioner's petition for a writ of certiorari was denied by the United States Supreme Court on October 14, 2008 (Dkt. 55). The Tenth Circuit subsequently denied petitioner's motion for authorization to file a second or successive habeas application pursuant to 28 U.S.C. § 2254. *In re Pearl*, No. 12-7018, slip op. (10th Cir. Mar. 16, 2012) (Dkt. 57).

After the evidentiary hearing, petitioner's appointed counsel did not requested to withdraw from this case. Therefore, when the court entered its minute order on October 6, 2014, copies of the order went to counsel but not to the petitioner.[1]

After careful review, the court finds that petitioner did not receive notice of the order at issue within 21 days after entry, and his motion was filed within 180 days after entry of the order. The court further finds that no party would be prejudiced by reopening the time for petitioner to file an appeal. Therefore, the time to appeal should be reopened.

**ACCORDINGLY,** petitioner's time to appeal is reopened pursuant to Fed. R. App. P. 4(a)(6).

Frank H. Seay
United States District Judge

---

[1] Petitioner has been added to the mailing list.